AMY, Judge,
concurring in part, dissenting in part.
I conclude that Timothy Kite was wrongfully evicted from his department and that the American Central Commercial General Liability insurance policy provided coverage for that eviction. I additionally find that the case should be remanded for a determination of lost profits. With these results reached in the principal opinion I agree and, therefore, concur in part. However, I have key disagreements as to what factors should be considered upon remand, among other things. In these areas, I respectfully dissent.
First, I do not find that the record supports, by a preponderance of the evidence, a finding that Kaplan acted in bad faith. Rather, in my opinion, the evidence supports only a finding that Kaplan mistakenly believed that the relocation provision in the lease agreement allowed him to take the actions he did. Thus, Kaplan cannot be held personally liable.
Additionally, I find that this absence of bad faith precludes recovery of nonpecuniary damages under Kite’s breach of contract claim. See La.Civ.Code art.1998. Accordingly, I conclude that nonpecuniary damages should be considered only |2as they relate to the plaintiff’s claim in tort for wrongful eviction and for the conversion of Kite’s papers and jewelry. In my view the record indicates that Kite may recover in this area, however, the state of the record at this time requires that determination of these, if any are proven, should be left for the trial court on remand.
I differ from the principal opinion, too, in that, upon remand, I do not find that lost profits should be awarded for the remainder of the lease. Rather, I consider it significant that the department store closed before the expiration of the lease. In my opinion, any lost profits awarded should be limited to the remainder of the life of the business. I also disagree with the principal opinion’s determination of Kite’s monthly profits. In my opinion, the present state of the record does not allow for such a determination and, therefore, consideration of this issue is best' left for the lower court. Further, additional issues remain regarding the plaintiff’s duty to mitigate damages and the defendant’s burden to prove that any such mitigation was *485 not adequate. I find, once again, that these issues are should be considered on remand.
Accordingly, I concur as to those limited areas in which I agree with the principal opinion and dissent as to the remainder.